## Hudak v. Walter G. O' Connor Company

318

*William J. Peters,* for plaintiff.
*Walter W. Wilt,* for defendant.

LIPSITT, *J.,* December 17, 1975 — Through resourceful pleadings the parties to this proceeding have managed to turn a relatively simple legal controversy into a farrago of uncommon prelusive litigation. John P. Hudak, plaintiff, has filed a complaint in both trespass and assumpsit, claiming damages for an alleged breach of an employment contract by Walter G. O'Connor Company, defendant. The action is based upon an agreement dated September 14, 1972, wherein Hudak was to join defendant company to direct the activities of its motion picture production division. Hudak contends he was induced to enter into the contract by false and fraudulent representations.

In the trespass count, the damages claimed on behalf of John P. Hudak include an averment of

loss by plaintiff's wife in the amount of $17,200 because of the termination of her former employment to enable her to be with her husband. In the assumpsit count, plaintiff demands an accounting and asks for judgment against defendant for 25 percent of the profit shown by the audit of the O'Connor Company motion picture production division.

Presently before the court are preliminary objections in the nature of motions to strike, motions for more specific pleadings and demurrers. The peculiarities of this suit are such that the objections not only overlap but several questions arise as to the propriety of the preliminary objections; nevertheless, the complaint has been reviewed and, to bring the case to trial as expeditiously as possible, the following conclusions have been reached.

First, as to paragraph nine of plaintiff's complaint where, inter alia, damages are asserted in the amount of $17,200 as the result of the wife discontinuing her preexistent occupation, apparently to be with her husband when he accepted the job with defendant, there are no legal grounds called to the attention of the court which would enable a party under such circumstances to recover for a potential loss of income suffered by one's wife. Plaintiff relies upon the general principle set forth in the Restatement Torts §525, which imposes liability if a person by some fraud causes another to act in reliance thereon in a business transaction and harm results. In today's economics, plaintiff rationalizes, a husband and wife usually contribute together to the family income, and consequential damage to plaintiff could be shown in this type of situation. Defendant counters the argument by pointing out Pa. R. C. P. 2002(a)

which provides ". . . all actions shall be prosecuted by and in the name of the real party in interest . . . ." Accordingly, any claim which Mrs. Hudak has cannot be assigned to her husband. Although the defense appears sound, there is difficulty because neither the motion to strike nor the demurrer is appropriate to challenge the unacceptable phase of plaintiff's allegation. The complaint, in fact, avers that harm was suffered by plaintiff so the objectionable statements cannot be attributable to any claim by the wife. However, taking a pragmatic approach, the harm to the wife would require her reliance on the misrepresentations. As such this loss demanded on behalf of the husband is not in conformity to law and should be stricken.

Going on to further points in dispute, defendant has filed motions for more specific pleadings in connection with paragraphs four, five, six, seven, eight and ten on the ground of noncompliance with Pa. R. C. P. 1019(b) which reads: "Averments of fraud or mistake shall be averred with particularity." Defendant recognizes the complaint does itemize seven areas of fraudulent representations but maintains there is a failure in many respects to specify what the false representations were. True enough, but there are other considerations.

In Ashland Towson Corp. v. Kasunic, 110 Pa. Superior Ct. 496, 508-9, 168 Atl. 502 (1933), the Superior Court discussed the sufficiency of the allegations of fraud and stated:

"While it is true that, ordinarily, it is not sufficient to allege fraud in general terms, but facts must be set forth from which the court may find the fraud, yet it is not necessary for the pleader to set forth his evidence. . . . The combined effect of the averments and the evidence to support them may be

enough to prove a designed fraud, although each link in the chain standing by itself would be insufficient. . . ."

Undoubtedly the rules and court opinions prescribe more particularity for fraud charges than otherwise. Notwithstanding, this does necessitate the pleading of evidence. Here plaintiff has declared willful fraud on the part of defendant and the premises covered should suffice to enable the framing of a defense. The total picture substantially places the defense on notice as to what it must answer and explain. Defendant still has available discovery proceedings to prepare its case and if defendant desires additional information to file an answer this too may be obtained through discovery.

Defendant also has filed motions for more specific pleadings relative to paragraphs nine, seventeen and eighteen. Paragraphs nine (in addition to the wife's loss of earnings) and seventeen allege items of damages and, as defendant avers, there is no itemization. In paragraph eighteen of the complaint plaintiff says defendant wrongly charges cost expenses to the motion picture division of the company which affected his expected earnings. Defendant insists it is unable to understand the type of claim plaintiff is making because the allegation is so broad. Plaintiff could indeed enumerate the losses, damages and charges set forth in paragraph nine, seventeen and eighteen and this knowledge would be helpful in preparing the defense. In assumpsit, a blank declaration of loss has no significance and a claimant must assert how the loss was incurred and computed. In the trespass pleading, there is a difference as an accounting to determine the compensation due plaintiff is needed.

Finally, the defense has asked for a demurrer to the assumpsit count because the demand for relief requests the court to direct defendant to account for the profits of the motion picture production division of its company. And it is argued a court of law has no jurisdiction to order an accounting because such remedy has its roots in equity and the law side of a court has no authority to order affirmative action. Limiting an action requiring an accounting to equity is not a proper statement of the law. Pa. R. C. P. 1021 recites: "Any pleading demanding relief shall specify the relief to which the party deems himself entitled. Relief in the alternative or of several different types, including an accounting, may be demanded."

Plaintiff's action in which he has requested an accounting is basically one for a breach of the contract which he has attached to his complaint. In 1 Goodrich-Amram, §1021-3, it is stated:

". . . For instance, the action in equity for an accounting will not lie for breach of contract where the damages merely consist of a fixed percentage of the defendant's gross earnings. An action for an accounting at law under Rule 1021, plus the availability of discovery proceedings creates an adequate remedy.

". . .

"The action at law, under Rule 1021, is essentially the same as the common-law action of account render. Unlike the single-phase proceeding in equity permissible under Rule 1530(b) the action at law is actually two actions and the only judgment which may be entered in the first action is a judgment of quod computet. No question of the amount due may be adjudicated in the first action. This judgment may even be entered on the pleadings under some circumstances.

"The plaintiff's ultimate judgment should include all amounts due him up to the day the auditor files his report or the jury makes its award of the amount due."

Defendant argues a complete accounting has been provided to plaintiff with audits prepared by certified public accountants and plaintiff should not be permitted to proceed any further; to permit a further examination of defendant's files would not only be an inconvenience and an injustice to defendant but would enable plaintiff to gain confidential data improperly since plaintiff is presently engaged in the same business as defendant. If defendant's position is valid, it can be shown in both the answer and at trial. Plaintiff cannot go on a fishing expedition. Looking at the pleadings at this stage, plaintiff professes he is unable to tell the exact amount due him by reason of the failure to account to him. This right to an accounting is incidental to a claim in assumpsit for moneys due. Rule 1021 provides simply that the relief demanded in an action of assumpsit may include an accounting. See DiPameola v. Stanisic, 75 Dauph. 163 (1960), at p. 165. Thus the remedy in equity for an accounting is not exclusive where defendant has an opportunity to present his defense in an action of law. A word of caution however is in order; where a plaintiff asks for an accounting in assumpsit, a second jury may have to be impaneled to settle the amount after the first decides there is liability to account; see Simon v. Yantorn et al., 81 D. & C. 195 (1952).

Pursuant to the foregoing discussion, we enter the following

ORDER

And now, December 17, 1975, that part of paragraph nine which refers to the loss of earnings by

plaintiff 's wife is stricken; the motion for a more specific pleading relative to paragraph nine which fails to specify plaintiff 's loss and its computation is sustained and leave granted to plaintiff to amend the said paragraph; the motions for more specific pleadings filed to paragraphs four, five, six, seven, eight, ten, seventeen and eighteen are overruled; the demurrer to the count in assumpsit by reason of the request for an accounting is overruled. After the filing of the amendment ordered, defendant, Walter G. O'Connor Company, is directed to answer the complaint within the time allowed by law.